**ATLANTIC STATES LEGAL ·FOUNDATION, INC. et al., Plaintiff–Appellant,**

v.

**Christine Todd WHITMAN, et al., Defendant–Appellee.**

No. 00–6329.

United States Court of Appeals, Second Circuit.

July 10, 2001.

Sean P. Lynch, Atlantic States Legal Foundation, Syracuse, NY; Allen, Lippes & Shonn, Buffalo, NY, Of Counsel.

Andrew D. O'Toole, Assistant United States Attorney, Office of the United States Attorney for the Southern District of New York; Mary Jo White, United

States Attorney, and Gideon A. Schor, Assistant United States Attorney, Of Counsel.

Present CABRANES, PARKER, and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and is AFFIRMED.

Atlantic States Legal Foundation ("ASLF") appeals from a grant of summary judgment by the District Court. ASLF had sought to enjoin the Environmental Protection Agency ("EPA") from releasing federal funding for a sewer treatment facility, the Midland Combined Sewer Overflow Abatement Project (the "Midland Avenue project") to be located in Syracuse, New York. ASLF contends that the EPA wrongly determined it need only issue an Environmental Assessment along with a Finding of No Significant Impact rather than an Environmental Impact Statement to fulfill its obligations under the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*

Having reviewed all of ASLF's contentions on this appeal and finding in them no grounds for reversal, we affirm the judgment of the District Court substantially for the reasons stated in Judge Cote's careful opinion of August 30, 2000. *See Atlantic States Legal Foundation v. Browner,* 2000 WL 1234659 (S.D.N.Y., Aug.31, 2000).

 We note that amicus Onondaga Nation raises for the first time on appeal the argument that the EPA violated the National Historic Preservation Act, 16 U.S.C. § 470 *et seq.* by failing to consult with the tribe under 36 C.F.R. § 800.2(c)(3). In general, an argument raised for the first time on appeal will not be considered. *See, e.g., Pulvers v. First Unum Life Ins. Co.,* 210 F.3d 89, 95 (2d Cir.2000). Nevertheless, such an argument can be considered if it would avoid manifest injustice or where the "issue is purely legal and there is no need for additional fact-finding." *Readco, Inc. v. Marine Midland Bank,* 81 F.3d 295, 302 (2d Cir.1996).

We decline to reach the issue at this time. While it is alleged that the EPA did not consult with the Onondaga Nation concerning effects of the Midland Avenue project on potential historical and archaeological sites, it is the case that the Onondaga Nation has not alleged in any detail what sites in particular might be disturbed. The EPA has conditioned excavation in certain areas indicated as potentially containing historical sites upon further archaeological review. The Onondaga Nation is not a plaintiff in this action, and it is arguable that, at another appropriate stage of construction, the Nation may be able to file an action against the EPA on these grounds, if necessary.

For the reasons stated above, the judgment of the District Court is AFFIRMED.